EDWARD F. CULLOM ET AL., TRUSTEES IN BANKRUPTCY OF REPUBLIC TRUCK AND AUTO COMPANY, v. THE MERCHANTS BANK AND TRUST COMPANY.

(Filed 31 October, 1923.)

**1. Actions—Defenses—Evidence—Issues—Appeal and Error—New Trials.**

In an action by the trustee in bankruptcy to recover the value of an automobile alleged to have been taken by the defendant bankrupt, in fraud of the provisions of the Bankrupt Act, the defendant pleaded and offered evidence to show that, holding a registered purchase-money mortgage, it had, preceding a period of six months before petition filed, settled all matters between the bankrupt and itself by taking over the machine: *Held,* error for the trial judge, to the defendant's prejudice, to make his liability depend upon a single issue determinative only as to the question of whether the settlement had been made as alleged by the defendant, relieving the plaintiff of the burden of proof on the issue and depriving defendant of the defense under the duly registered purchase-money mortgage.

**2. Appeal and Error—Objections and Exceptions—Actions—Defenses.**

And where the defendant has duly moved for judgment as of nonsuit in the county court, and has preserved his exceptions in the Superior Court and excepted to an erroneous charge of the Superior Court judge, and has also preserved these exceptions in the Supreme Court on appeal, the position that he had lost his right by acquiescence is untenable.

**3. Appeal and Error—Actions—Defenses—Several Grounds of Defense—New Trials.**

Where the allegations of the complaint and the evidence present two material and complete grounds for defense, it is reversible error for the judge, upon the trial, to deprive the defendant of one of them, and make its liability solely depend upon the determination of the other.

CIVIL ACTION tried before his Honor, *Starbuck, J.,* and a jury, at October Term, 1922, of FORSYTH County Court, and heard on appeal to Superior Court before his Honor, *Shaw, J.,* at December Term, 1922.

The action is by the trustees in bankruptcy of the Republic Truck and Auto Company against defendant, to recover the value of an automobile which plaintiffs alleged defendant had acquired of the bankrupt in fraud of the provisions of the bankruptcy acts. On denial of plaintiffs' right as claimed, the jury in the county court rendered the following verdict:

"1. Are the plaintiffs the owners of and entitled to the possession of the automobile described in the complaint? Answer: 'Yes.'

"2. Was said automobile wrongfully taken by the defendant on 5 July, 1921, as alleged? Answer: 'Yes.'

"3. What was the value of the automobile at the time of said wrongful taking? Answer: '$700.'"

Judgment on verdict for plaintiffs. Defendant excepted and appealed, assigning errors. The judgment having been affirmed in the Superior Court, defendant excepted and appealed to this Court, renewing his assignments of error.

*Manly, Hendren & Womble for plaintiffs.*
*J. E. Alexander for defendant.*

HOKE, J. Plaintiffs, as stated, alleged and offered evidence tending to show that they were trustees in bankruptcy of the Republic Auto Company, adjudged a bankrupt in August, 1921, and claimed that defendant had acquired and held an automobile belonging to the bankrupt, contrary to the Bankruptcy Act and in fraud of its provisions. Defendant denied, among other averments, that it had so acquired the title to the automobile in question, and by way of further defense alleged that holding a purchase-money mortgage on the automobile acquired by assignment and for full value from the bankrupt, more than six months before the act of bankruptcy, plaintiffs had come to an adjustment with the mortgagor-purchaser by which the latter had surrendered for value any and all claims he had against the machine, and defendant had become and was the full and bona fide owner of the same, and offered evidence in support of these defenses.

On the trial in the county court, as we understand the record, and in departure from the basic averments of the complaint that defendant had acquired in fraud of the provisions of the Bankruptcy Act, the issue of ownership was submitted to the jury on the single question whether the defendant had come to an adjustment with the original purchaser and mortgagor of the machine, and whereby the latter had surrendered any and all claims thereon to defendant as set forth in his additional defense. By this course of procedure the plaintiffs were relieved, and to our minds erroneously relieved, of the burden of establishing their claim as set forth in the complaint, and defendant was in effect deprived of any and all claim on the machine which might arise to him under and by virtue of a duly registered purchase-money mortgage which had been assigned to defendant for value long before any adjudication of bankruptcy of the company.

Appellee does not seriously. contend against the commission of prejudicial error in the course pursued unless defendant should be held to have acquiesced in the trial of the issue as presented to the jury, but we do not so interpret the record. On the contrary, defendant seems to have insisted throughout on his objections, and all of them, to the validity of the trial as presented in his exceptions to the refusal to nonsuit, and specifically to the charge as given, and assigning same for error, both in the county and Superior courts and on appeal here.

The case in principle is not unlike one disposed of at the present term of *Cherry v. R. R., ante,* 263, in which the court, in presenting the cause to the jury, restricted plaintiff to a single ground for relief when his allegations and evidence presented two, and the ruling was held for reversible error.

We are of opinion that defendant is entitled to a new trial of the cause, and it is so ordered.

New trial.